UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NURAH RAHMAN, | ) CASE NO.  1:07 CV 2805 |
| Plaintiff, | ) |
| vs. | ) JUDGE CHRISTOPHER A. BOYKO |
| COLIN SAMMON, | ) |
| Defendant. | ) MEMORANDUM OF OPINION |
| | ) AND ORDER |
| | ) |

On September 17, 2007, pro se plaintiff Nurah Rahman filed the above-captioned in forma pauperis complaint against her attorney Colin P. Sammon. Ms. Rahman alleges "this law firm is practicing unlawful acts against me as a client of Mr. Colin P. Sammon, with whom is [sic] employed by the Novak Robenalt & Pavlick L.L.P." She seeks $100,000.00 in damages.

*Background*

Ms. Rahman , whose "title is (Messenger of ALLAH) and also known as Reformer For The People," hired the defendant in August 2005.  Although she claims Mr.  Sammon entered into a contract to work for her, "two years later, I have been stripped of my legal rights."  (Compl. at 2.)  She adds that Mr. Sammon advised her to waive her rights during a mediation and pre-trial

conference, "as well as an up-comming [sic] trial/9-24-07 with Judge O. Donald." (Compl. at 3.) Ms. Rahman claims that the defendant never kept his promise to file a second action on her behalf. These two issues are restated in varying forms throughout the body of the complaint, as well as in an attachment which Ms. Rahman filed with her complaint.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

*Lack of Subject Matter Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Based on the claims alleged, this court lacks subject matter jurisdiction over Ms. Rahman's complaint.

There is no statement or reference in the complaint that sets forth this court's

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

jurisdiction over the matter. Principles requiring generous construction of pro se pleadings are not without limits, and district courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Ms. Rahman's concerns regarding the performance of her attorney may, at best, state a claim of legal malpractice under Ohio law. See Krahn v. Kinney, 43 Ohio St. 103, 105, 538 N.E.2d 1058, 1060 (1989). Because this court established that there is no basis for original jurisdiction over Ms. Rahman's complaint, it will decline to exercise supplemental jurisdiction over any issues of state law. See 28 U.S.C. § 1367(b)

Accordingly, plaintiff's Motion to Proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

   /s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT COURT

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.